**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Harry D Dalton,<br><br>        Plaintiff,<br><br>v.<br><br>Wade Atchison, et al.,<br><br>        Defendants. | No. CV-16-08014-PCT-JZB<br><br>**ORDER** |

      Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint on Improper Venue Grounds or, in the Alternative, to Transfer Venue pursuant to 28 U.S.C. § 1406(a). (Doc. 7.) Defendant requests the Court dismiss this matter because venue is not proper in the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1391(b). Alternatively, Defendant requests the Court transfer this case to the United States District Court for the Eastern District of Arkansas. As detailed below, none of the requirements of § 1391(b) are met here and, therefore, venue is not proper in this Court. In the interests of justice, the Court will transfer this case to the United States District Court for the Eastern District of Arkansas, where the case could have been brought.

**I.    Background**

      On December 21, 2015, Plaintiff, proceeding *pro se*, filed his Complaint in Arizona state court, asserting claims against Defendant for breach of contract and intentional infliction of emotional distress. (Doc. 1-1 at 4-12.) Specifically, Plaintiff

asserts that Defendant breached the parties' insurance contract when Defendant, an agent of Allstate, failed to notify Plaintiff of the possible risks in changing Plaintiff's "Builder's Risk Policy" to a home owner's policy, and subsequently allowed Plaintiff's policy to lapse. (*Id.* ¶¶ 12, 15-16, 22, 25.) Plaintiff asserts that he obtained the Builder's Risk Policy to insure a construction project at his property located in Dover, Arkansas. (*Id.* ¶ 21.) According to Plaintiff, on May 24, 2013, Plaintiff suffered a neck injury on the property while operating a piece of heavy equipment, and was transported to a hospital in Littlerock, Arkansas. (*Id.* ¶ 24.) During Plaintiff's three-day stay at the hospital, electrical wire was stolen from the construction site. (*Id.* ¶ 25.) Plaintiff claims that Allstate adjusters denied Plaintiff's claim for theft. Plaintiff asserts Defendant offered to personally pay half of the cost to replace the wire, but never paid Plaintiff that amount. (*Id.*) Plaintiff further asserts that Defendant failed to assist Plaintiff in reporting the theft to the police. (*Id.*) On December 18, 2013, Plaintiff, on a recommendation by his doctor in Arkansas, underwent surgery in Los Angeles, California for his injury. (*Id.* ¶¶ 25-26.)

On January 27, 2016, Defendant removed the action to this Court based on diversity jurisdiction.[1] (Doc. 1.) On February 4, 2016, Defendant filed his Motion to Dismiss on Improper Venue Grounds or, in the Alternative, Motion to Change Venue to the Eastern District of Arkansas, pursuant to 28 U.S.C. §1406(a). (Doc. 7.) Plaintiff opposes the Motion and asserts that, due to his medical condition and financial status, and his domicile in Arizona, venue is proper in the United State District Court for the District of Arizona. (Doc. 13 at 2.) Below, the Court addresses the parties' arguments.

**II.   Discussion**

   **a.  Legal Standards**

---

[1] The parties do not dispute that the Court has diversity jurisdiction over this matter. 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between . . . [c]itizens of different States."). In his Complaint, Plaintiff asserts that he resides in Arizona and Defendant resides in Arkansas. (Doc. 1-1 at 4, ¶¶ 1-2.) Plaintiff further seeks over $75,000 in damages. (*Id.* at 11-12.) Defendant asserts in his Notice of Removal that all of the requirements of diversity jurisdiction have been met. (Doc. 1 at 1-2.)

1    A defendant may challenge venue pursuant to Rule 12(b)(3) of the Federal Rules
2 of Civil Procedure and 28 U.S.C. § 1391.  If venue is improper, the Court must either
3 dismiss the case or, "if it be in the interest of justice, transfer [the] case to any district or
4 division in which it could have been brought." *See* 28 U.S.C. § 1406(a).  The decision
5 whether to dismiss the case or transfer it is within the Court's discretion.  *In re Hall,*
6 *Bayoutree Associates, Ltd.*, 939 F.2d 802, 804 (9th Cir. 1991).  However, "the general
7 preference . . . is for the case to be transferred instead of dismissed altogether."
8 *Kewlmetal Inc. v. Bike Builders Bible, Inc.*, 2:15-cv-01008 JWS, 2015 U.S. Dist. LEXIS
9 168362, at *2 (D. Ariz. Dec. 15, 2015) (citing *See Brodt v. Cty. of Harford*, 10 F. Supp.
10 3d 198, 203 (D.D.C. 2014), and *Abrams Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096,
11 1103 (C.D. Cal. 2001)).

### b.  Venue in the District of Arizona is improper.

13    Defendant argues that the Court should dismiss this case because venue in the
14 District of Arizona is not proper pursuant to 28 U.S.C. § 1391(b).  Section 1391(b)
15 provides the following:

> (b) Venue in general. A civil action may be brought in—
>   (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>   (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>   (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

23 "The venue statutes are generally intended to protect a defendant from being forced to
24 defend in an unfair or inconvenient forum." *Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096,
25 1106 (C.D. Cal. 2001).  The "[p]laintiff has the burden of proving that venue is proper in
26 the district in which the suit was initiated." *Hope v. Otis Elevator Co.*, 389 F. Supp. 2d
27 1235, 1243 (E.D. Cal. 2005) (citing *Airola v. King*, 505 F. Supp. 30, 31 (D. Ariz. 1980)).
28 When deciding a challenge to venue, the pleadings need not be accepted as true, and the

district court may consider facts outside of the pleadings. *Arguenta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996).

Here, the Court finds that venue is not proper in this Court pursuant to 28 U.S.C. § 1391(b). First, venue is improper under § 1391(b)(1) because Defendant resides in Arkansas. (Doc. 1-1 at 4, ¶¶ 1-2; Doc. 7-1 ¶¶ 2-3.) Second, venue is improper under § 1391(b)(2) because, as the parties agree, the events giving rise to Plaintiff's claims took place in Arkansas, not Arizona. (Doc. 1-1 ¶¶ 21, 24; Doc. 7 at 4.)

Finally, § 1391(b)(3) does not apply because this case could have been brought in the Eastern District of Arkansas. Defendant resides in the Eastern District of Arkansas, and a substantial part of the alleged events giving rise to Plaintiff's claims occurred in that District. (Doc. 1-1 at 4, ¶¶ 1-2; Doc. 7-1 ¶ 2.) Further, based on Plaintiff's Complaint and the parties' briefing, it appears the United States District Court for the District of Arkansas would have subject matter jurisdiction over this case and personal jurisdiction over both parties. (*Id.*) Importantly, Plaintiff does not contest that this action could have been brought in that District Court.

Instead, Plaintiff requests that this case proceed in the District of Arizona because his medical condition, which resulted from the accident in Arkansas, hinders his ability to travel and prosecute his claims in Arkansas. (Doc. 13 at 2.) However, Plaintiff does not assert any argument that this case meets any of the requirements of § 1391(b).[2]

Because none of the provisions of § 1391(b) are met in this case, venue is not proper in the District of Arizona. Therefore, the Court must now determine whether to

---

[2] In a Sur-Reply, Plaintiff also asserts that "[o]riginally this suit was filed in Mojave County Court, but the defense lawyer moved the case to the U.S. Federal Court, District of Arizona. Why did the defense lawyer move the case if she did not intend for it to be heard in that court?" (Doc. 15 at 2.) First, Plaintiff did not seek leave to file his Sur-Reply in violation of the Local Rules of Civil Procedure. *See* LRCiv. 7.2. Second, even considering Plaintiff's Sur-Reply, Defendant's removal did not waive his right to challenge venue in Arizona. *See Crumrine v. NEG Micon USA, Inc.*, 104 F. Supp. 2d 1123, 1128 (N.D. Iowa 2000) (holding that when a "defendant removes an action from a state court in which he has been sued, he consents to nothing and 'waives' nothing; he is exercising a privilege unconditionally conferred by statute, and, since the district court to which he must remove it is fixed by law, he has no choice.") (quoting *Greenberg v. Giannini*, 140 F.2d 550, 553 (2d Cir. 1944)).

dismiss this case or transfer it to the Eastern District of Arkansas.

### c. Transferring this case to the Eastern District of Arkansas is appropriate.

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) (holding that "[t]he language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not.").

As stated above, Plaintiff's claim could have been brought in the Eastern District of Arkansas. Defendant resides in the Eastern District of Arkansas. (Doc. 7-1 ¶¶ 2-3.) Further, a substantial part of the alleged events giving rise to this litigation occurred in the Eastern District of Arkansas: the insurance contract was negotiated in Dover, Arkansas[3] (Doc. 1-1 at 8, ¶ 21); Plaintiff was on property located in Arkansas when his injury occurred, and the theft occurred on the same property (*id.* at 8-9, ¶¶ 21-25); and all of the relevant communications and transactions between the two parties occurred in Arkansas (*id.* at 6-7, ¶¶ 12, 14-16). Transferring this case to a new venue would serve the interests of justice because it would allow Plaintiff to continue the litigation in the correct forum.

Plaintiff asserts that the District of Arizona is the correct venue due to his health problems, as well as the need to be close to his doctor. (Doc. 13 at 2.) However, Plaintiff fails to identify a court other than the District Court for the Eastern District of Arkansas where this case could have been brought. And, although Plaintiff states that "[a]ll . . . witnesses can have depositions taken in place of them appearing in person in Arizona," (Doc. 13 at 2), the Court assumes that Plaintiff would be able to telephonically depose

---

[3] Dover is an incorporated city situated in Pope County, Arkansas. POPE COUNTY ARK., http://www.popecounty ar.com/index.html (last visited June 16, 2016). Under 28 U.S.C. § 83(a)(2), Pope County resides in the Eastern Division of the Eastern District of Arkansas.

1   Defendant and other witnesses who reside in Arkansas.

2   Additionally, it appears that Plaintiff's claims may be time-barred if dismissed. *See* Ark. Code. Ann. § 16-56-105 (2015);[4] *McQuay v. Guntharp*, 331 Ark. 466, 474-76 (1998) (holding that the tort of outrage is governed by a three-year statute of limitations). Plaintiff filed his Complaint on December 21, 2015, alleging at least some unlawful conduct that occurred in May 2013. (Doc. 1-1 ¶ 21.) Therefore, the Court favors transferring, rather than dismissing, this case in the interests of justice. *See Westphal v. Mace*, 671 F. Supp. 665, 668 (D. Ariz. 1987) (holding that transferring the case from Arizona to Nevada would be in the interests of justice when the injury to Plaintiff occurred in Nevada and the only connection Defendant had to Arizona was advertising in Arizona); *Mach 1 Air Servs. Inc.v. Bustillos*, No. CV-12-02617-PHX-GMS, 2013 U.S. Dist. Lexis 41501, *31-32 (D. Ariz. March 25, 2013) (ruling that "the interests of justice warrant transfer of the entire case to the Western District of Texas" because "[t]hat court would have jurisdiction over all the [p]arties. . . . [and the plaintiff] would likely be severely prejudiced by dismissal."). Accordingly, the Court will transfer the case to the Eastern District of Arkansas.

### III.  Conclusion

Although Plaintiff claims Arizona is an easier and more financially feasible venue to adjudicate his case, venue in this Court is improper pursuant to 28 U.S.C. § 1391(b). Rather than dismissing the case, in the interests of justice, the Court will transfer this action to the Eastern District of Arkansas.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint on

---

[4] Ark. Code Ann. § 16-56-105 provides, in relevant part:

> The following actions shall be commenced within three (3) years after the cause of action accrues:
>
> (1) All actions founded upon any contract, obligation, or liability not under seal and not in writing, excepting such as are brought upon the judgment or decree of some court of record of the United States or of this or some other state

Improper Venue Grounds or, in the Alternative, to Transfer Venue (Doc. 7) is granted as provided in this Order.

**IT IS FURTHER ORDERED** that this case be transferred to the United States District Court for the Eastern District of Arkansas.

Dated this 23rd day of June, 2016.

Honorable John Z. Boyle
United States Magistrate Judge